IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD DEAN MEARS,**

  **Plaintiff,**

v.              Civil action no. 3:07cv131
                 (Judge BAILEY)

**UNITED STATES OF AMERICA.**

  **Defendant.**

## REPORT AND RECOMMENDATION

On October 1, 2007, the pro se plaintiff, Richard Mears, filed this action under the Federal Tort Claims Act ("FTCA"). On October 12, 2007, the plaintiff was granted leave to proceed *in forma pauperis*. This case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1915(A).

### I. The Complaint

The plaintiff is a federal inmate, who is currently housed at FCI Elkton which is located in Lisbon, Ohio. The complaint alleges that while he was housed at FCI Morgantown, a major search of his housing unit occurred on October 31, 2005 at approximately 1:00 p.m. Plaintiff alleges that he had prepared food for lunch that afternoon which was on ice in his cooler. The cooler contained three Polar pink salmon, two Spanish rice, one jalapeno pepper, two beef summer sausages, and one jalapeno cheese container. The plaintiff maintains that during the search, the meal was thrown away and that a Bible that was sent to him by his family was taken away. On, or about November 28, 2005, the plaintiff filed an administrative tort claim for property damage in the amount of $50.95. The plaintiff

claims he had no response to his claim, and after six months had expired, he photo copied the claim and refiled it. The plaintiff alleges he again received no response or decision from the Federal Bureau of Prisons ("BOP"). Accordingly, as is his right, the plaintiff has elected to deem the BOP's lack of response as a final denial of this claim. See 28 U.S.C. § 2675(a).

On November 1, 2007, the plaintiff filed another Administrative Tort Claim for property he alleges was lost when he was placed in administrative detention for an investigation into an alleged violation of BOP rules. The plaintiff claims that the property that was lost included a pair of sweat pants, Sony ear buds, mesh shorts, New Balance tennis shoes, Timex watch, wheel writer correction tape, bath towel, two wash cloths, Obsession cologne, Hanes boxers, and two packages of Haines crew socks.. The total property damage claimed by the plaintiff was $181.80. On July 20, 2007, the BOP denied the claim because its investigation into the claim revealed no evidence that any loss of the plaintiff's property was the result of any act or omission of a BOP employee.

As relief, the plaintiff requests that he be awarded damages in the amount of $592.75. That figure represents the combined damages claimed in his two administrative tort actions plus postage and handling of $10.00, and the $350.00 filing fee for this action.

## II. Analysis

### A. Value of Plaintiff's Claim

In Deutsch v. United States, 67 F.3d 1080, 1081 (3rd Cir. 1995), the Third Circuit Court of Appeals found that "a Court may dismiss an in forma pauperis claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." Granting such authority to the district court under 28 U.S.C. § 1915 serves the *in forma pauperis* statute's "frequently overlooked purpose of providing the courts with a vehicle for conserving scarce judicial resources

and assuring that resources are used in the most just manner possible." Id. at 1089

In determining whether a claim is frivolous, the court should make a two-step analysis. First, the court should compare the cost/recovery differential and determine whether the reasonable paying litigant would have been dissuaded from filing. Id. at 1088. "Accordingly, the court must first find the actual amount in controversy under the claim presented and determine whether the amount in controversy is less than the expense of the court costs and filing fees." Id. at 1089-1090 (emphasis added). In addition, although the Third Circuit recognized "that some litigants request large sums for a monetary remedy," the Court found that the amount requested by the plaintiff "should be of no moment when a district court inquires as to whether a claim is economically trivial." Id. at 1089, n. 10.

Second, the Court should determine whether the litigant "has a nonmonetary interest at stake under the claim," which would warrant the allocation of the court's resources "despite the fact that the claim is economically trivial." Id. at 1090. If the actual amount in controversy is less than the court costs and filing fees, and the court is satisfied that there is no other meaningful interest at stake, then the suit should be dismissed as frivolous. Id.

In a similar vein, the United States Court of Appeals for the Fourth Circuit has held that courts may consider the *de minimus* value of a claim as one factor in applying the frivolity test of 28 U.S.C. § 1915(e)(2)(B)(I). Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2004). The Nagy court noted that Congress intended to confer "broad discretion on the district courts to police in forma pauperis filings," and that the frivolous inquiry ensured that federal resources would not be wasted on "baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." Id, at 255. While recognizing that amendments to the Prison Litigation Reform Act

3

("PLRA") changed the filing fee requirement to deferral of payment of filing fees rather than avoidance of the filing fee altogether, the Court nonetheless concluded that "the introduction of a deferred payment mechanism [should not] be mistaken for an implied congressional intention that this mechanism would be a panacea for excessive in forma pauperis litigation." Id. at 256. Finally, the Court recognized that the primary goal is to ensure that the deferred payment mechanism "does not subsidize suits that prepaid administrative costs would otherwise have deterred." Id. at 257.

In this case, Plaintiff seeks damages in the amount of $592.75, which includes $232.75 for his "lost" property, $10 for postage and handling, and $350 for the filing fee for this action. However, actions under the FTCA "cannot be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). Here, there is no basis for a claim in excess of the amount of that presented to the BOP.[1] Therefore, even if the plaintiff's allegations are true, and employees of the BOP lost the items he listed in the two claims he submitted to the BOP, it is clear that this is a frivolous lawsuit that a paying litigant would not initiate because the filing fee of $350.00 would exceed the damages by $117.25. Furthermore, the plaintiff has not alleged that the items in question had any meaningful non-monetary value to him. Thus, because the undersigned finds that the actual amount in controversy is less than the filing fee, and that there is not other meaningful interests at stake, it is

---

[1] Costs and fees may be awarded to the prevailing party in any action brought by or against the United States or any agency of the United States. 28 C.F.R. § 2412(a). However, it is clear from the decision in Nagy, that the costs of filing a FTCA cannot be considered as part of the underlying claim.

recommended that the Plaintiff's tort claim be dismissed as frivolous.

## III. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint (Dckt. 1) be **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

DATED: October 17, 2007

 /s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE