# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**RICHARD DEAN MEARS,**

    Plaintiff,

v.                                        **CIVIL ACTION NO. 3:07-CV-131**
                                                                     (BAILEY)

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on October 17, 2007 [Doc. 9]. In that filing, the magistrate judge recommended that this Court dismiss the plaintiff's Complaint.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***,

1

727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within ten (10) days after being served with a copy of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects that service was accepted on October 16, 2007. See Doc. 10. The defendant timely filed his objections on October 26, 2007 [Doc. 11]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R & R for clear error.

The relevant factual and procedural history regarding this action is as follows. The plaintiff, a federal inmate at FCI Elkton, alleges that during a housing unit search on October 31, 2005, prison employees stole or destroyed various food items, clothing, a book, and other personal effects. After filing two administrative tort claims for property damage without success, the plaintiff filed this action under the Federal Tort Claims Act ("FTCA") seeking damages in the amount of $592.75, which represents the combined damages claimed in his two administrative tort actions, plus postage and handling of $10.00, and the $350.00 filing fee for this action.

As properly noted by the magistrate judge, "a Court may dismiss an *in forma pauperis* claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." **Deutsch v. United States**, 67 F.3d 1080, 1081 (3rd Cir. 1995). Therefore, the magistrate judge undertook a two-step analysis, which is outlined below, that is to be conducted when determining whether a claim is frivolous. See **id**.

First, the magistrate judge compared the cost/recovery differential and determined

whether the reasonable paying litigant would have been dissuaded from filing. In doing so, the magistrate judge determined the amount of possible recovery versus the cost and determined that no rational litigant would have filed this suit because the $350.00 filing fee would exceed the damages by $117.25. And although costs and fees may be awarded to the prevailing party in any action brought by or against the United States, it is clear that the costs of filing an FTCA cannot be considered as part of the underlying claim. *See* **Nagy v. FMC Butner**, 376 F.3d 252, 257 (4th Cir. 2004).

Under the second step, the magistrate judge inquired as to whether the litigant has any non-monetary interest at stake which would warrant the allocation of the Court's resources. The magistrate judge correctly determined that the plaintiff has not alleged that the items in question had any meaningful non-monetary value to him.

Therefore, because the actual amount in controversy is less than the filing fee, and there are no other meaningful interests at stake, the magistrate judge recommended that the plaintiff's tort claim be dismissed as frivolous. After a thorough review of the record, this Court concurs with the finding of the magistrate judge that the claim is frivolous.

In his objections, the plaintiff takes issue with the fact that the Court first allowed him to submit his "Consent to Collection of Fees From Trust Account" and granted him leave to proceed *in forma pauperis* before making the recommendation that the case should be dismissed as frivolous. This Court has reviewed 28 U.S.C. § 1915, which sets forth the procedural process for filing claims *in forma pauperis*. That section specifically reads, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is

3

frivolous . . .." Accordingly, this Court finds no error in the manner by which the magistrate judge handled this case.

The plaintiff also argues in his objections that the statutes governing the Federal Tort Claims Act permits him to sue for damages ranging from $0.00 to $25,000.00, thereby placing no minimum amount on the amount for which an individual may sue. The plaintiff's arguments here are misplaced as they completely ignore the two-step analysis in **Deutsch**, *supra*, discussed above. Most significantly, by his own admission, the plaintiff agrees that his claim is frivolous. In his Objections, the plaintiff states that "if [he] had believed that he was going to have to pay $350.00 out of his prisoner trust account over a period of time, then he would not have filed it to recover damages of $232.75."

Next, the plaintiff attempts to distinguish two cases cited by the magistrate judge, **Nagy** and **Deutsch**, because the recovery sought in those cases was only $25.00 and $4.20, respectively, compared to his claim for $232.75. The plaintiff essentially attempts to make his suit appear non-frivolous because he would be *losing* less money even in the event of recovery. This action may seem less frivolous than these two, but it is frivolous nevertheless.

The Fourth Circuit Court of Appeals has noted that Congress intended to confer "broad discretion on the district courts to police *in forma pauperis* filings." **Nagy**, *supra*. This Court will now exercise that discretion. Accordingly, based on the foregoing, it is the opinion of this Court that the recommendations of Magistrate Judge Seibert **[Doc. 9]** should be, and are, hereby **ORDERED ADOPTED** for reasons more fully stated in that report. Additionally, the plaintiff's objections **[Docs. 11 & 12]** are **OVERRULED**. Accordingly, the

plaintiff's Complaint **[Doc. 1]** is **DISMISSED** and **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: July 2, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE